IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| WILLIAM FRITSCH, | ) | CV 12-37-H-DLC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE FERRITER, DR. KOHUT, DR. RANTZ, KRISTIE BOESE, and REBECCA MCNEIL, | ) ) ) | |
| | ) | |
| Defendant.. | ) | |

Before the Court are the Findings and Recommendations of United States Magistrate Judge Keith Strong, recommending that the Amended Complaint be dismissed for failure to state a claim. Plaintiff William Fritsch has filed objections and is entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). All other findings and recommendations are reviewed for clear error.

Fritsch reasserts some of the facts described in detail by Judge Strong, but

insists that they show a "total disregard for his physical well[-]being." In particular, he recounts the December 2011 incident when he had to be rushed to St. Patrick's Hospital in Missoula, Montana, and was given a transfusion because he had red foam in his veins instead of liquid blood. He emphasizes that Dr. Kohut did not accompany him to Missoula despite a promise to do so. He also makes new allegations, describing seeing a gastroenterologist in Missoula, who recommended some bloodwork which was not performed at the prison until two months later.

In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must allege specific facts that, if proved, would establish that the plaintiff had a serious medical need and the defendant showed deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if failure to treat the condition would result in significant injury or the "unnecessary or wanton infliction of pain." *Id.* at 104. To show deliberate indifference, the plaintiff must allege "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

As found by Judge Strong, Fritsch has failed to establish that the defendants acted with deliberate indifference to his medical needs. The prison provided

Interferon treatment, which was discontinued as soon as a blood draw revealed a problem. Fritsch was immediately taken to St. Patrick's Hospital when the problem was discovered, and there is no evidence that any harm was caused by Dr. Kohut's failure to accompany Fritsch on the ride. Similarly, Fritsch was also taken to see a gastroenterology specialist in Missoula, who recommended that further blood tests be performed. Though these tests were allegedly not performed at the prison until two months later, mere delay, without more, is insufficient to state a claim of deliberate medical indifference. *Shapley v. Nev. Bd. of St. Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir. 1985). Fritsch is being monitored and receiving treatment, and recommended tests are being performed. Mere delay or even negligence is insufficient to show that prison officials acted with deliberate indifference to Fritsch's medical problems. *Toguchi v. Chung,* 391 F.3d 1051, 1057–58 (9th Cir. 2004).

Because Fritsch has already been given an opportunity to amend his complaint and there being no clear error in the remaining findings and recommendations, IT IS ORDERED:

1. Judge Strong's Findings and Recommendations are ADOPTED (doc. 7) in full. This matter is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court is directed to close this matter

and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Fritsch's failure to state a claim.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Fritsch's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 31st day of January 2013.

Dana L. Christensen, District Judge
United States District Court